UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERIE BLASQUEZ-TRACY,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:15-cv-02621 CKD<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born January 9, 1988, applied for SSI in September 2010, alleging disability beginning November 8, 2008. Administrative Transcript ("AT") 74, 214. Plaintiff alleged she was unable to work due to bipolar disorder, mood disorder, attention deficit disorder, and depression. AT 757. An administrative law judge ("ALJ") issued an unfavorable decision on July 20, 2012. AT 32-42. The Appeals Council declined review. AT 43-45. Plaintiff then filed

1

an appeal to this court in case No. 2:13-cv-00570 CKD. After plaintiff filed a motion for summary judgment, the parties stipulated to a remand for further proceedings. AT 60-61.

On remand, a second ALJ held a hearing on August 18, 2014. AT 814-850. Plaintiff was represented by counsel, and the ALJ also heard testimony from Dr. Arnold Ostrow, an internist and pulmonologist, and Alina Sala, a vocational expert. AT 814-850. After the hearing, the ALJ obtained a consultative evaluation of plaintiff's mental health from clinical psychologist Dr. Sara Bowerman. AT 720-728. In a decision dated March 23, 2015, the ALJ determined that plaintiff was not disabled.[1] AT 13-29. The ALJ made the following findings (citations to 20 C.F.R. omitted):

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2008.

2. The claimant has not engaged in substantial gainful activity since November 7, 2008, the alleged onset date.

3. The claimant has the following severe impairments: bipolar disorder and generalized anxiety disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can perform simple, routine, repetitive tasks with occasional decisionmaking, occasional workplace changes, and no fast paced production. She can occasionally interact with the public, coworkers and supervisors.

6. The claimant has no past relevant work.

7. The claimant was born on January 9, 1988 and was 20 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has at least a high-school education and is able to communicate in English.

9. Transferability of job skills is not an issue in this case because the claimant does not have past relevant work.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 7, 2008, through the date of this decision.

AT 16-29.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ failed to follow the parties' stipulation and order for voluntary remand in December 2013; (2) the ALJ erred in failing to explain the mental residual functional capacity (MRFC) finding; and (3) the ALJ improperly weighed the medical evidence.

////

## LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## ANALYSIS

On December 17, 2013, in Tracy v. Colvin, No. 2:13-cv-00570 CKD (E.D. Cal.), the court approved the following stipulated terms of a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g):

> Upon remand, the Office of Disability Adjudication and Review will remand this case to an Administrative Law Judge (ALJ) and direct him or her to properly assess the medical evidence and opinions of record and provide specific and legitimate reasons for accepting or rejecting these opinions. The ALJ should re-evaluate

4

> the medical evidence with the aid of a medical expert to determine the nature and severity of Plaintiff's mental impairments, and if necessary, the ALJ will obtain testimony from a vocational expert. The ALJ will further evaluate the credibility of Plaintiff's statements regarding her reported symptoms. If Plaintiff is found disabled, the ALJ will perform the necessary analysis to determine if drug abuse and alcohol abuse are material.

AT 61 (emphasis added).

Plaintiff contends that the ALJ did not follow the remand order because the testifying medical expert was an internist and pulmonologist who did not give psychiatric testimony, and as the ALJ acknowledged, "This is basically a psych case[.]" AT 830. Although the ALJ obtained a post-hearing psychiatric evaluation by Dr. Bowerman, plaintiff contends that this consultative review did not amount to "reevaluat[ing] the medical evidence" as directed.

Defendant contends that the ALJ complied with the order to obtain medical expert assistance in evaluating plaintiff's mental impairments by considering the opinion of CE Bowerman. Defendant further notes that plaintiff's counsel did not object when informed that Dr. Ostrow would be the only medical expert to testify. Plaintiff retorts that there was no reason to object to Dr. Ostrow, as he offered no testimony about the relevant psychiatric issues.[2]

Thus, the only medical expert arguably responsive to the remand order was Dr. Bowerman, who explained the basis for her report as follows: "Background information was gathered from Ms. Blasquez-Tracy and any available medical records. . . . The source of information for this evaluation for Ms. Blasquez-Tracy, who was an adequate historian." AT 728. In the November 2014 evaluation, Dr. Bowerman also administered I.Q., memory, and other tests to plaintiff. AT 725.

Dr. Bowerman diagnosed plaintiff with cognitive disorder, posttraumatic stress disorder, mood disorder due to a general medical condition (head trauma), and polysubstance dependence (in partial remission) on Axis I; borderline intellectual functioning on Axis II; and a GAF of 45.[3]

---

[2] Indeed, after Dr. Ostrow testified, the ALJ remarked to plaintiff's attorney: "Remind me to tell people we don't need an IM on a psych case." AT 831. The attorney agreed, saying: "I think we have a medium RFC." AT 831. The ALJ responded in part: "I'm sorry we took the doctor's time doing what we did." AT 831.

[3] GAF is a scale reflecting the "psychological, social, and occupational functioning on a

As to functional abilities, Dr. Bowerman found that plaintiff's ability to understand, remember, and carry out simple one or two-step job instructions was mildly impaired, and that her ability to do so with more complex job instructions was "moderately impaired by her mood and anxiety disorders." AT 721. As discussed below, the ALJ gave this opinion little weight.

In step four of the post-remand decision, the ALJ stated: "In accordance with the District Court Order, the undersigned has considered the medical opinions in the record." AT 24. The decision went on to discuss the following medical opinions:

- A 2009 report by consultative psychologist Dr. Owens (AT 24; see AT 319);
- A 2011 report by consultative psychologist Dr. Schmidt (AT 24; see 529-530); and
- 2011 reports by state agency psychological consultants Dr. Garland and Dr. Zukowsky (AT 24; see AT 62-72, 76-91).

"These opinions are given great weight because they are generally consistent with each other and the discussed treatment records. The opinions of Drs. Owens and Schmidt were based on direct examination, personal observation and objective testing." AT 24. These opinions generally found plaintiff able to work.

In contrast, the decision gave "little weight" to the following opinions of treating physicians:

- A one-page state disability certificate completed by Dr. Mehtani in 2010, stating that plaintiff was unable to work between December 2009 and the present due to bipolar disorder (AT 25; see AT 565);
- A mental capacity form completed by Dr. Mehtani in 2012, stating that plaintiff was "severely impaired" and her abilities to "adjust to a job" were "poor to none" (AT 25; see AT 615-617);
- An August 2014 mental residual functional capacity ("MRFC") assessment by treating psychiatrist Dr. Morales, who also rated most of plaintiff's work-

---

hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders at 34 (4th ed. 2000) ("DSM IV-TR"). A 41-50 rating indicates serious symptoms such as suicidal ideation, severe obsessional rituals, or serious impairment in social, work, or school functioning.

6

related abilities "poor to none" (AT 25-26; see AT 705-707); and

- The November 2014 report by CE Dr. Bowerman, which the ALJ rejected for several reasons, including that plaintiff's test scores were significantly lower than earlier scores and inconsistent with plaintiff's educational history; the report was internally inconsistent; and there was no previous record of plaintiff sustaining a head injury (AT 26-27; see AT 720-728).

Based on the above, while the ALJ did obtain new medical opinions and "consider[] the medical opinions in the record" (AT 24), he did not "re-evaluate the medical evidence with the aid of a medical expert[.]" This language does not suggest merely obtaining a third CE opinion that does not "re-evaluate" any evidence but is based on plaintiff's statements and new tests, and as such is subject to the assignment of little weight. As to the testifying expert, plaintiff's physical capabilities were not at issue.

Because the agency failed to meaningfully comply with the prior remand, the matter must be remanded once again, and the court need not reach plaintiff's remaining arguments. See Adkison v. Commissioner, Case No. 2:11-cv-01533 CMK (E.D. Cal.), Order dated Sept. 14, 2012 (remanding a second time when agency did not comply with first order of remand).

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 19) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 21) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: August 31, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / blasquez2621.ssi.ckd